TODD KIM
Assistant Attorney General
DAVID KAPLAN
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-0997
david.kaplan@usdoj.gov

**Attorneys for Defendants**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DVISION

| | | |
|---|---|---|
| OREGON NATURAL DESERT ASS'N, | ) | No. 2:23-cv-01898-HL |
| | ) | |
| Plaintiff, | ) | THE UNITED STATES' REPLY IN |
| | ) | SUPPORT OF ITS MOTION TO |
| v. | ) | DISMISS THE COMPLAINT FOR |
| | ) | LACK OF JURISDICTION |
| FRANK KENDALL III, in his official | ) | |
| capacity as the Secretary of the U.S. | ) | |
| Department of the Air Force, and U.S. | ) | |
| AIR FORCE, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants' Reply in Support of Their
Motion to Dismiss for Lack of Jurisdiction
No. 2:23-cv-01898

United States Department of Justice
P.O. Box 7611, Washington DC 20044

TABLE OF CONTENTS

Page

SUMMARY ……………………………………………………….... 1

ARGUMENT…………………………………………………………… 2

I.    The Court Should Dismiss the Complaint for Lack of Standing…….…………… 2

    A.    Because Standing is Not Dispensed in Gross, the Complaint's
          *En Masse* Allegations Are Inadequate to Satisfy Article III
          Requirements for the Unidentified and Far-Flung
          Violations Plaintiff Alleges Here …………………………………………… 2

    B.    Plaintiff's Reliance on *Alaska Center for the Environment*
          is Misplaced …………………………………………………………….. 10

II.   The Court Should Dismiss the Complaint Because Plaintiff Fails to
      Identify the Members it Relies Upon to Assert Standing……………………… 14

III.  Plaintiff's Assertion of Illegality is Both Mistaken and Irrelevant to Standing…\…… 17

CONCLUSION………………………………………………………….......... 19

Defendants' Reply in Support of Their            United States Department of Justice
Motion to Dismiss for Lack of Jurisdiction         P.O. Box 7611, Washington DC 20044
No. 2:23-cv-01898

## SUMMARY

Plaintiff's response is heavy on general case law, but fails to address the clear, facial failure of the Complaint to plead necessary elements of Article III standing. This case presents a textbook example of allegations that, even when taken as true, cannot as a matter of law satisfy Article III standing requirements. Accordingly, the Complaint should be dismissed.

Plaintiff acknowledges, as it must, that because it relies upon associational standing (also referred to as representational standing), it must establish standing for at least one of its members. The Complaint, however, fails to plead that any member has an Article III interest at the same location where that member asserts an injury caused by the Air Force's alleged releases of countermeasures during aerial fighter training. Not only does the Complaint fail to plead such standing at any one location, but it fails to plead an Article III injury for any member over the vast area the Complaint purports to cover. Rather than plead the requite showing necessary for any individual members, the Complaint references all Plaintiff's members and their interests, in the collective; it references hundreds of miles of streams and other waters in numerous different waterbodies, spread over an enormous geographic range, also all in the collective; and it alleges harm and illegal discharges at unspecified locations throughout this enormous range, again, all in the collective. In so doing, Plaintiff has not alleged where, or how, at least one member of its organization has an interest that has been injured at a particular location by the Air Force's alleged activities, let alone at all other locations the Complaint purports to cover.

The geographic range for which Plaintiff asserts standing is vast – a 968,783-acre expanse, spanning an area larger than the size of Rhode Island. Plaintiff's theory that it may plead standing over this entire expanse by employing general, *en masse* assertions conflicts with

Defendants' Reply in Support of Their
Motion to Dismiss for Lack of Jurisdiction
No. 2:23-cv-01898

1

United States Department of Justice
P.O. Box 7611, Washington DC 20044

clear Supreme Court decisions that, in environmental cases, standing is not dispensed "in gross."

These are bedrock Article III requirements, and Plaintiff cannot defer its obligation to satisfy these requirements until some later phase in the litigation, on the hope that Plaintiff may later be able to establish standing somewhere. Nor may Plaintiff establish standing without identifying in its Complaint the identity of the members Plaintiff relies upon to meet Article III's requirements. Because Plaintiff has failed to plead the identity of any of its members here, much less to show how those individuals face a particularized injury from the Air Force's activities, the Court should dismiss the Complaint.

Insisting upon compliant Article III pleading is not a mere paper exercise. Not only is it a Constitutional prerequisite to subject matter jurisdiction, but it may well require that a plaintiff restructure the scope of its complaint, including how and where it asserts illegal discharges, based on how and where it can properly plead a particularized injury-in-fact, if it can do so at all. That nexus is what Article III requires before a plaintiff may invoke federal jurisdiction and proceed to actively litigate its case over an immense geographic area.

## ARGUMENT

### I.    The Court Should Dismiss the Complaint for Lack of Standing.

#### A.    Because Standing is Not Dispensed in Gross, the Complaint's *En Masse* Allegations Are Inadequate to Satisfy Article III Requirements for the Unidentified and Far-Flung Violations Plaintiff Alleges Here.

According to Plaintiff, some of the Article III standing requirements the United States relies upon here were articulated by courts resolving summary judgment motions and thus are not relevant to the United States' motion to dismiss here. The United States, however, has not confused the procedural standards that apply when resolving facial challenges to a complaint with those that apply when resolving motions for summary judgment. Indeed, the bedrock

Defendants' Reply in Support of Their                    2              United States Department of Justice
Motion to Dismiss for Lack of Jurisdiction                              P.O. Box 7611, Washington DC 20044
No. 2:23-cv-01898

constitutional standing requirements set forth in our opening brief apply now, at the pleading stage of the case. Put another way, although courts assume that sufficiently pled factual allegations are true in a facial challenge, that does not alter the legal standing requirements that those factual allegations must satisfy. Here, Plaintiff's allegations do not, as a matter of law, satisfy key elements required to establish standing, and thus the Complaint should be dismissed. The Court should reject Plaintiff's invitation to simply assume the presence of missing standing elements and defer the issue to a later stage in the proceedings.

Two fundamental standing requirements underpin our argument. First, because Plaintiff relies on associational standing, it must establish that at least one of its members "would otherwise have standing to sue in their own right." *United Food & Com. Workers Union Local 751 v. Brown Grp.*, 517 U.S. 544, 553 (1996) (citation omitted); *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013). This means that in a facial challenge the standing allegations must, if true, establish that at least one member of a plaintiff organization has standing. If the pleadings fails to establish that no member has standing as a matter of law, it must be dismissed.

Second, in environmental cases, plaintiffs can establish injury-in-fact if they demonstrate that they "use the affected area and are persons 'for whom the aesthetic and recreational values of the area will be lessened' by the challenged activity." *Friends of the Earth Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 183 (2000) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 735 (1972)). Here, the key constitutional inquiry focuses on the "affected area" the plaintiff uses and that same area where the plaintiff's enjoyment of aesthetic and recreational values is lessened. The Supreme Court has thus explained that, in environmental cases, standing is not dispensed "in gross," *Laidlaw*, 528 U.S. at 185. Even where a plaintiff can establish standing at one location,

Defendants' Reply in Support of Their
Motion to Dismiss for Lack of Jurisdiction
No. 2:23-cv-01898                    3    United States Department of Justice
P.O. Box 7611, Washington DC 20044

that does not establish standing at another simply because those locations may be part of the same ecosystem. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 565 (1992); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). Rather, to establish injury, a plaintiff "must use the area affected by the challenged activity and not an area roughly 'in the vicinity' of it." *Defenders of Wildlife*, 504 U.S. at 566 (quoting *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 887-89 (1990)). These bedrock principles are not, as Plaintiff argues, mere standards of proof only to be addressed at summary judgment. Rather, they are constitutional requirements that apply at every stage in the court proceedings.

Contrary to Plaintiff's argument, the Court cannot ignore these Article III requirements at the pleading stage by simply assuming the existence of any and all unpled allegations necessary to establish jurisdiction and shunting the matter to a later stage of the proceedings. In this regard, Plaintiff (at 22-23) relies on *Defenders of Wildlife*, 504 U.S. at 561, claiming that that decision allows the Court to simply assume the presence of any necessary factual allegations at the pleading stage. But Plaintiff mischaracterizes the proposition it relies upon. In *Defenders of Wildlife*, the Supreme Court explained that "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." 504 U.S. at 561. This proposition, however, which provides only that "general factual allegations of injury may" suffice, does not allow a plaintiff to avoid pleading facts that are essential to establish elements of standing, as Plaintiff has here. Moreover, as discussed further below, this baseline requirement is particularly important where, as here, an organizational plaintiff relies upon associational standing, and thus must plead with sufficiently particularized and concrete facts that at least one member in its own right has standing.

Defendants' Reply in Support of Their          4          United States Department of Justice
Motion to Dismiss for Lack of Jurisdiction                    P.O. Box 7611, Washington DC 20044
No. 2:23-cv-01898

Since *Defenders of Wildlife,* the Supreme Court and Ninth Circuit have also subsequently clarified that a pleading must alleged the essential, particularized facts necessary to survive a motion to dismiss for lack of jurisdiction. For example, in *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), the Supreme Court explained that an injury must be particularized, which requires that the injury "'[a]ffect[s] the plaintiff in a personal and individual way,'" *id.* at 339 (citation omitted), and that "at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" necessary to establish Article III standing, *id.* at 338 (quoting *Defs. of Wildlife*, 504 U.S. at 560 n.1). In *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), the Supreme Court explained that under the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint that contains "'naked assertion[s]' devoid of 'further factual enhancement'" should be dismissed, *id.* at 678 (citation omitted), and that conclusory allegations "are not entitled to be assumed true" when considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

In a recent decision, the Ninth Circuit thus explained that this means that, "at the pleading stage, the plaintiff must allege sufficient facts that, taken as true, 'demonstrat[e] each element' of Article III standing." *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1057 (9th Cir. 2023) (brackets in original) (quoting *Spokeo,* 578 U.S. at 338). In *Jones* the court further observed that circuit precedent holding that *Iqbal* does not apply in the Federal Rule of Civil Procedure 12(b)(1) context is no longer viable after *Spokeo. Id.* at 1056 n.1; *see, e.g., Winsor v. Sequoia Benefits & Ins. Servs., LLC,* 62 F.4th 517, 523-25 (9th Cir. 2023) (applying *Iqbal* pleading standards to a Rule 12(b)(1) facial challenge to Article III standing). Thus, "'to establish [Article III] standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent.'" *Pinkert v. Schwab Charitable Fund,* 48 F.4th 1051,

Defendants' Reply in Support of Their
Motion to Dismiss for Lack of Jurisdiction
No. 2:23-cv-01898

5

United States Department of Justice
P.O. Box 7611, Washington DC 20044

1054 (9th Cir. 2022) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 422 (2021). And, significantly, "at the pleading stage, [the plaintiff] is not required to prove these elements, but he is required to allege facts that, when accepted as true, show that they are satisfied." *Pinkert*, 48 F.4th at 1054. Moreover, these essential pleading requirements apply equally in facial challenges to standing. *Jones*, 74 F.4th at 1056 n.1; *see, e.g., Winsor,* 62 F.4th 517 (facial challenges to standing allegations).

Plaintiff appears to argue that the Supreme Court, in *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1012 n.3 (1992), concluded that allegations in a complaint need not allege sufficiently particularized and concrete facts that, if true, would satisfy the standing requirements discussed in *Defenders of Wildlife, supra.* Pl. Resp. at 23. Read in context, however, the quoted passage in the *Lucas* footnote stands only for the uncontroversial proposition that, in a motion to dismiss at the pleading stage, sworn testimony asserting additional facts is not necessary given that the truth of facts alleged is not then at issue. That footnote in *Lucas* in no way undermines the applicability here of the substantive standing requirements articulated in *Defenders of Wildlife* and other Supreme Court environmental cases. Nor does it allow Plaintiff to avoid adequately pleading those elements through wholly *en masse* allegations, especially since Plaintiff relies upon associational standing. Indeed, in *In re Intel Corp. CPU Marketing*, *Sales Practices and Products Liability Litigation*, 3:18-md-2828-SI, 2020 WL 1495304, at *2 n.1 (Mar. 28, 2020, D. Or.), this Court recognized that the referenced *Lucas* footnote simply reflects the different stages in litigation. Indeed, in that case the Court went on to dismiss at the pleading stage a complaint that failed to adequately allege particularized and concrete facts that would establish standing. *Id.* at *4-9.

Courts have thus properly dismissed complaints that fail to establish standing, especially

Defendants' Reply in Support of Their                    6                United States Department of Justice
Motion to Dismiss for Lack of Jurisdiction                                      P.O. Box 7611, Washington DC 20044
No. 2:23-cv-01898

where (as here) standing is asserted for numerous alleged violations over a large geographical expanse. For example, in *Center for Biological Diversity v. U.S. Department of the Interior*, 23-cv-01716 (TSC), 2023 WL 7182041 (D.D.C. Nov. 1, 2023), a plaintiff organization sought to challenge thousands of approvals to drill within a large geographic area, but the court dismissed the case for lack of standing. The court explained that the plaintiff had asserted "that the law allows them to 'plot thousands of separate [approval] actions on a map,' 'draw a line around them,' and allege that they have individual members who have a geographic nexus with 'the resulting [approval] Area.'" *Id.* at *3 (citation omitted). The Court rejected this approach as a matter of law, on the ground that allowing plaintiffs "to aggregate agency actions and assert a geographic nexus with the general areas those actions affect would jeopardize" fundamental Article III principles and conflict with the Supreme Court's admonition that "'standing is not dispensed in gross.'" *Id.* (quoting *TransUnion LLC,* 594 U.S. at 431). The court thus concluded that the plaintiff must plead injury-in-fact for each drilling site. *Id.* at *5.

As another example, in *Friends of The Earth, Bluewater Network Div. v. U.S. Dep't of Interior*, 478 F. Supp. 2d 11 (D.D.C. 2007), a plaintiff organization challenged a federal agency's authorization to use certain types of vehicles in 18 National Park units. Upon granting the government's motion to dismiss, the court explained why general assertions, even when backed with declarations, are inadequate as a matter of law for an environmental organization to assert associational standing. Specifically, the court explained that it "cannot assume, since it has not been alleged, that all listed injuries have been felt at all listed parks, or even that some injury has been felt at all listed parks." *Id.* at 19.

The same conclusion applies here. Plaintiff has not alleged that any one of its members has recreated at any particular location where that member has been injured by an alleged illegal

Defendants' Reply in Support of Their          7          United States Department of Justice
Motion to Dismiss for Lack of Jurisdiction                         P.O. Box 7611, Washington DC 20044
No. 2:23-cv-01898

discharge by the Air Force, and the Court should not assume such facts exist let alone that they are true. Like the plaintiff in *Center for Biological Diversity, supra,* Plaintiff's aggregate pleading skirts fundamental standing requirements and impermissibly seeks to establish standing "in gross."[1]

Moreover, in this case Plaintiff seeks in its Complaint to prosecute alleged illegal discharges, each of which by definition occurs at a particular geographic location, rather than challenge a single, broadly applicable agency action under the Administrative Procedure Act. Thus, even if Plaintiff had alleged that at least one member suffers an injury due to an alleged illegal discharge at the same location where that member has an interest – which it plainly has not – that would not establish standing at the numerous unspecified other locations within the nearly one-million-acre expanse where the Complaint alleges illegal discharges. This principle is amply illustrated by *Center for Biological Diversity*, discussed above, and fully comports with the Supreme Court's admonition that a cognizable interest at one location will not establish standing in another absent the required showing at that other location. *See Summers*, 555 U.S. at 494-96. Plaintiffs "must use the area affected by the challenged activity and not an area roughly

---

[1] Plaintiff cites numerous cases for the proposition that courts "routinely find allegations like [Plaintiff's] sufficient at the pleading stage." Pl. Resp. at 21. However, none of those cases involved complaints that were too generalized. Rather, defendants in those cases challenged the complaints for (1) failing to meet a specific factual threshold or (2) failing to recognize otherwise established precedent. *See Cal. Rest. Ass'n v. City of Berkley*, 89 F.4th 1094, 1100 (9th Cir. 2024) ("how soon" in the future a restaurant would open); *Cardenas v. Anzai*, 311 F.3d 929, 933 (9th Cir. 2002) (whether settlement funds paid out over 25 years made injuries too speculative); *Desert Citizens Against Pollution v. Bisson*, 231 F.3d 1172, 1176 (9th Cir. 2000) (whether impairment to a recreational or aesthetic enjoyment of land was an injury); *Mount Graham Red Squirrel v. Espy*, 986 F.2d 1568, 1582 (9th Cir. 1993) (whether the total extinction of the Mt. Graham Red Squirrel constituted an injury). Similarly, in *Bernhard v. Cnty. of Los Angeles*, the generality of the pleading was not at issue; rather, the question at play was whether the lower court failed to accept as true a direct factual allegation made in the pleading that, as a "direct result" of a policy, the plaintiff was unable to obtain a lawyer. 279 F.3d 862, 869 (9th Cir. 2002).

Defendants' Reply in Support of Their                      8                      United States Department of Justice
Motion to Dismiss for Lack of Jurisdiction                                    P.O. Box 7611, Washington DC 20044
No. 2:23-cv-01898

'in the vicinity' of it." *Defenders of Wildlife*, 504 U.S. at 566 (quoting *National Wildlife Fed'n,* 497 U.S. at 887-89.

Plaintiff contends (at 26) that its allegations here are no more general than those found sufficient in *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669 (1973). But in that 50-year old case, the plaintiff challenged two generally applicable agency orders for failing to comply with the National Environmental Policy Act. Thus, that case is significantly different from this case, which involves numerous alleged illegal discharges at different locations in different waters over a large expanse. *Students Challenging Regulatory Agency Procedures* also predates the Supreme Court rulings, discussed above, that standing cannot be dispensed "in gross" in environmental cases and that standing at one location does not establish standing at another. In any event, *Students Challenging Regulatory Agency Procedures* would not excuse Plaintiff from the requirement, discussed below, that it identify the names of the members it relies upon to plead standing.

Plaintiff also improperly relies on *Defenders of Wildlife v. U.S. Environmental Protection Agency,* 420 F.3d 946 (9th Cir. 2005), *reversed sub nom* (2007). In contrast to the circumstances here, that case involved a challenge to a broadly applicable "Biological Opinion" under the Endangered Species Act, and, even then, the plaintiffs asserted their interest and injury for several members at numerous locations. *Id.* at 956-67. For similar reasons, *National Wildlife Federation v. Burford*, 871 F.2d 849 (9th Cir. 1989), is inapposite. That case involved a challenge under the Administrative Procedure Act to a broadly applicable lease sale, *id.* at 851-53, and thus does not implicate the standing concerns that are present here due to Plaintiff's

Defendants' Reply in Support of Their                9        United States Department of Justice
Motion to Dismiss for Lack of Jurisdiction                     P.O. Box 7611, Washington DC 20044
No. 2:23-cv-01898

assertion of numerous, site-specific, illegal discharges.[2]

**B.    Plaintiff's Reliance on *Alaska Center for the Environment* is Misplaced.**

Plaintiff cannot escape Article III pleading requirements by bundling its claims here. That is, Plaintiff cannot treat all the illegal discharges it alleges in all different locations as though it were one violation and then argue that it only needs to allege that its members are injured by any and all such discharges into any and all waters at any location within the large expanse the Complaint covers. As an initial matter, it makes no difference that the Complaint bundles all alleged illegal discharges into a single claim for relief, since the substance pled in that claim is that numerous illegal discharges have occurred in numerous waters throughout the vast area covered by the Complaint. By definition, an illegal discharge from a "point source" under the CWA is site specific, and Plaintiff grudgingly admits, as it must, that "individual discharges" are at issue. Pl. Resp. at 36. Just as in *Center for Biological Diversity, supra,* Plaintiff cannot here simply draw a circle around the numerous illegal discharges it asserts in this expansive area to make all those different locations into one location for standing purposes. 2023 WL 7182041 at

---

[2] Plaintiff avers that under *Ecological Rights* a plaintiff can demonstrate injury "by showing a connection to the area of concern sufficient to make credible the contention that the person's future life will be less enjoyable . . . if the area in question remains or becomes environmentally degraded." Pl. Resp. at 19 (quoting *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141 (9th Cir. 2000)). However, Plaintiff fails to note the distinction between its generalized pleading and the facts in *Ecological Rights*, where the plaintiffs identified a specific body of water as the area of concern. *Ecological Rights*, 230 F.3d at 1150, 1151. The court went on to compare the facts at issue favorably to those in *Friends of the Earth*, where "the litigation was narrowly focused and the plaintiffs' allegations of injury quite specific." *Ecological Rights*, 230 F.3d at 1148-49 (citing *Friends of the Earth v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167 (2000)). Moreover, Plaintiff itself relies on other cases that support dismissal. For example, in *Institute of Cetacean Research v. Sea Shepherd Conservation Society*, while the court stated that the "burden on claimants asserting standing is not so demanding" at the motion to dismiss stage, the court went on to find that only two of the four claims adequately pled standing based on likelihood of future injury, "even at the pleading stage," 153 F. Supp. 3d 1291, 1214-15 (W.D. Wash. 2015).

Defendants' Reply in Support of Their                    10                    United States Department of Justice
Motion to Dismiss for Lack of Jurisdiction                                      P.O. Box 7611, Washington DC 20044
No. 2:23-cv-01898

*3-5; *see also Friends of the Earth,* 478 F. Supp. 2d at 21.

Plaintiff argues that *Alaska Center for the Environment v. Browner*, 20 F.3d 981 (9th Cir. 1994), allows plaintiff environmental organizations to treat all waters as one for purposes of standing, and thus requires such plaintiffs to demonstrate only that "a member uses a 'representative number of waters' or subsets that are adversely affected by defendant's conduct." Pl.'s Resp. at 33 (quoting *Alaska Center*, 20 F.3d at 985). There are several fatal flaws with this argument. First, even assuming this legal theory applies to Plaintiff's claim – and as discussed below, it does not – it plainly would require, at a minimum, that Plaintiff adequately plead that individual members have standing for a representative number of specific waters where those individual members allege harm caused by an alleged illegal discharge.

A contrary ruling would nullify the bedrock requirement for associational standing, *i.e.* that the party relying on such standing must plead in the complaint, and ultimately prove as true at a later stage in the proceedings, that at least one member has standing at the location of the relevant harm. In addition, a contrary ruling would nullify the essential requirement that an "injury in fact" be "concrete and particularized," *Levine v. Vilsack*, 587 F.3d 986, 991-92 (9th Cir. 2009), which requires that the injury "affect[s] the plaintiff in a personal and individual way," *Spokeo*, 578 U.S. at 339 (citation omitted), and that "at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element" necessary to establish Article III standing. *Spokeo*, 578 U.S. at 338 (quoting *Defenders of Wildlife*, 504 U.S. at 560 n.1). Thus, to survive a 12(b)(1) motion to dismiss, "[a] plaintiff [] must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction"—otherwise, the court must dismiss the case. *Tosco Corp. v. Comt'ys for a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001); *see United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992) ("where standing is at

Defendants' Reply in Support of Their
Motion to Dismiss for Lack of Jurisdiction
No. 2:23-cv-01898                                          11                    United States Department of Justice
                                                                                 P.O. Box 7611, Washington DC 20044

issue, heightened specificity is obligatory at the pleading stage. . . . The complainant must set forth reasonably definite factual allegations, either direct or inferential, regarding each material element needed to sustain standing."). Plaintiff's *en masse* pleading falls far short of meeting this standard; Plaintiff hasn't even tried, and incorrectly argues that it need not try.

Second, in *Alaska Center*, the court found standing only for purposes of the remedy phase of that case, after the court concluded that the Environmental Protection Agency had failed to fulfill its alleged state-wide regulatory duty to establish certain pollution limitations. It was only in that narrow context that the court in *Alaska Center* concluded that "for CWA regulatory purposes, all waters within a state are interrelated," 20 F.3d at 985, and thus found standing existed for a state-wide remedy. As explained in our opening brief, that context is fundamentally different from the case here, where the Complaint alleges *liability* for numerous alleged individual discharges in all different locations and distinct waterbodies throughout a large expanse. It is impossible to apply the theory in *Alaska Center* to the case here without running directly into Supreme Court decisions holding that "standing is not dispensed in gross," *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996), and that a cognizable interest by a person at one location does not establish standing in another absent the required showing at that location. Nor can interest and injury at one location establish standing at some other location simply because they may be part of the same ecosystem. *Defenders of Wildlife*, 504 U.S. at 565; *see also DaimlerChrysler Corp.*, 547 U.S. at 352.

Plaintiff argues that two district court decisions applied *Alaska Center* in CWA cases involving alleged illegal discharges, thereby eliminating the need for an organizational plaintiff to plead that at least one of its members has an interest that is injured at the same location by a defendant's activities. Plaintiff urges this Court to do the same here. Pl. Resp. at 33-35. The

Defendants' Reply in Support of Their                    12                    United States Department of Justice
Motion to Dismiss for Lack of Jurisdiction                                    P.O. Box 7611, Washington DC 20044
No. 2:23-cv-01898

Court should reject Plaintiff's invitation. First, to the extent those decisions eliminated the need to adequately plead (or ultimately establish) such standing requirements for one member at least at one location, let alone at all other distinct locations covered in a complaint, they were wrongly decided for the reasons discussed above. The Court here should not follow their path.

Second, in *Sierra Club v. BNSF Railway Company*, C13-967-JCC, 2016 WL 6217108 (W.D. Wash. Oct. 25, 2016), upon which Plaintiff relies, the court denied a motion to dismiss, incorrectly believing that it could simply assume the existence of whatever facts might be necessary to establish standing. As explained above, however, that is not what the law requires: the pleading standards articulated in *Spokeo, Jones* and *Pinkert* apply here, and since Plaintiff relies upon associational standing, they apply to the individual members upon which Plaintiff relies. In addition, the *Sierra Club* court was confronted with plaintiffs' allegations of state-wide violations and was concerned that requiring the plaintiffs to plead, and ultimately to establish, a constitutionally protected interest and injury for each water would impose "a burden [that] would undoubtedly be a herculean task given the scope of Plaintiffs' allegations." *Id.* at *3. Plaintiff has not argued that it would face any undue burdens were the Court to dismiss the Complaint for lack of standing. More importantly, it is inappropriate for a court to eliminate otherwise applicable standing requirements through the theory in *Alaska Center*, based on its view of the burden a party faces in complying with constitutional requirements. Instead, consistent with those constitutional requirements, a plaintiff that pleads too broadly must narrow the scope of its claim to the geographic area where it can properly plead, and ultimately prove, standing. Doing so may require that a plaintiff bring a case at only a particular location where it can adequately plead and ultimately prove standing, or proceed on a case-by-case basis where necessary by limiting the scope of its claim to the confines of Article III requirements, but there is nothing

Defendants' Reply in Support of Their
Motion to Dismiss for Lack of Jurisdiction
No. 2:23-cv-01898                         13           United States Department of Justice
                                                       P.O. Box 7611, Washington DC 20044

new in that. *See, e.g., National Wildlife Fed'n*, 497 U.S. at 894 ("The case-by-case approach that

this requires is understandably frustrating to an organization such as respondent . . .. But this is

the traditional, and remains the normal, mode of operation of the courts.").[3]

Finally, Plaintiff grudgingly admits, as it must, that that "there are individual discharges

at issue" in this case, Pl. Resp. at 36, but fails to acknowledge that it must therefore plead

standing for individual members with protected interests at specific locations that are harmed by

the particular discharges it alleges are illegal.[4]

## II.    The Court Should Dismiss the Complaint Because Plaintiff Fails to Identify the Members it Relies Upon to Assert Standing.

In addition to pleading sufficiently concrete and particularized facts that, if true, would

demonstrate that at least one of Plaintiff's members has standing for each allegedly illegal

discharge Plaintiff seeks to enforce, Plaintiff must identify the member or members it relies upon

---

[3] Plaintiff also cites *Forest Service Employees for Environmental Ethics v. U.S. Forest Service*, 674 F. Supp. 3d 959 (D. Mont. 2023), for the proposition that standing can be based on a smaller subset of waterbodies to establish representative standing. In that case the complaint was not challenged at the pleading stage. Moreover, the plaintiffs established standing through the declaration of a member who showed use and enjoyment of "every western national forest and BLM district" due to his work and "frequent, on-going and future visits to fire-affected national forests." 674 F. Supp. 3d at 963-64.

[4] Accepting the United States' arguments and dismissing the Complaint does not mean that Plaintiff, to survive another motion to dismiss, must identify a different member who has recreated at every location within the large expanse where Plaintiff contends illegal discharges have occurred. For example, we do not here reject the theoretical possibility that an organizational plaintiff might be able to plead with the requisite level of concreteness that a member with a particularized interest at one location has been injured at that location by one or more specifically alleged illegal discharges at identified locations that affect that member's interest, such as at a near upstream location. But such particularized pleading would have to be included in a complaint, asserting the linkage between discharges that occurred in a particular location and the interest and alleged injury of a particular member at a particular location due to such discharges. As it stands now, Plaintiff has not asserted that any particular discharge has occurred at any particular location that has injured any particular member where that member has a protected interest.

Defendants' Reply in Support of Their              14              United States Department of Justice
Motion to Dismiss for Lack of Jurisdiction                              P.O. Box 7611, Washington DC 20044
No. 2:23-cv-01898

for this showing. Because the Complaint fails to do so for any alleged illegal discharge at any location, let alone at all locations within a large expanse, the Complaint should be dismissed.

Plaintiff incorrectly claims that Ninth Circuit precedent does not require that it identify by name in its Complaint the members that it relies upon to assert standing. To support this assertion, Plaintiff mischaracterizes the holding in *National Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015), as a "reject[ion]" of the Supreme Court's ruling in *Summers v. Earth Island Inst*., 555 U.S. at 494-96. Pl. Resp. at 18, 28-29. Here, Plaintiff's Complaint, pled entirely in the aggregate and alleging CWA violations at unidentified locations throughout a large expanse, contains exactly the type of unduly general and thus "merely speculative" environmental allegations that *La Raza* and other Ninth Circuit district courts have held requires the identification of individual members. *See La Raza*, 800 F.3d at 1041. Indeed, absent identification, neither the United States nor the Court can properly assess whether Plaintiff's allegations it relies upon for representational standing are adequately particularized and concrete.

In *La Raza,* the court concluded that including the identity of members in a complaint was not necessary where "it is relatively clear, rather than merely speculative, that one or more members have been or will be adversely affected" and "where the defendant need not know the identity of a particular member to understand and respond to an organization's claim of injury." *Id.* at 1041. In so doing, the *La Raza* court concluded that "[w]e are not convinced that *Summers*, an environmental case brought under the National Environmental Policy Act, stands for the proposition that an injured member of an organization must always be specifically identified." *Id.* The *La Raza* court thus did not, as Plaintiff suggests, foreclose the possibility that the allegations in a complaint may be unduly general and speculative and therefore require that members be identified. To the contrary, the court recognized that in environmental cases, such as *Summers,*

Defendants' Reply in Support of Their
Motion to Dismiss for Lack of Jurisdiction
No. 2:23-cv-01898

15

United States Department of Justice
P.O. Box 7611, Washington DC 20044

where standing was asserted over a large tract of land at unidentified locations by unidentified

individuals, *see* 555 U.S. at 498-99, courts should require plaintiff organizations to identify the

specific identity of members they rely upon for standing.

Moreover, district courts in the Ninth Circuit have gone on to hold that complaints

challenging other environmental laws, such as the Endangered Species Act, that plead with the

type of generalized and speculative allegations at issue in this case fail to meet the "relatively

clear" standard in *La Raza* where it is not necessary to identify the members relied upon to assert

standing. For example, courts have required member identification in cases with insufficient

generalized allegations, such as the enjoyment of environmental resources for aesthetic or

recreational purposes. *See, e.g.*, *Legal Def. Fund v. Bernhardt*, No. 19-cv-06812-JST, 2020 WL

6802838, at *4 (N.D. Cal. May 18, 2020) ("While [Plaintiff] claims that its members derive

recreational, aesthetic, and conservation benefits and enjoyment from the proper treatment and

conservation of threatened and endangered species, the Complaint fails to show that at least one

identified member has suffered or would suffer harm" and therefore "fails to establish a concrete

and particularized injury in fact with respect to [its] members") (cleaned up). In *Center for

Biological Diversity v. Bernhardt*, the court explained that "[w]hile Plaintiffs claim that their

members derive scientific, recreational, aesthetic, and conservation benefits … the [complaint]

fails to show that at least one *identified* member has suffered or would suffer harm" and therefore

"fail[s] to demonstrate injury-in-fact with respect to their members." No. 19-cv-05206-JST, 2020

WL 4188091, at *3-4 (N.D. Cal. May 18, 2020) (cleaned up) (emphasis in original). In *Fish

Northwest v. Thom*, C21-570 TSZ, 2021 WL 4744768, at *4 (W.D. Wash. Oct.12, 2021), the

district court dismissed a claim that failed to identify individual members, because "[a]

generalized statement that [Plaintiff's] unidentified members 'care deeply' about the recovery

Defendants' Reply in Support of Their            16            United States Department of Justice
Motion to Dismiss for Lack of Jurisdiction                     P.O. Box 7611, Washington DC 20044
No. 2:23-cv-01898

and conservation of Puget Sound salmon is insufficient to establish injury without additional facts."

Applying *Summers*, *La Raza*, and progeny case law from within the Ninth Circuit, the Court should find that Plaintiff must identify in its Complaint the specific members it relies upon to assert standing. At present, Plaintiff's allegations, framed in the aggregate, boil down to alleging that it has "14,000 members and supporters" with "environmental, health, aesthetic, and recreational interests" in 968,783 acres of land. This assertion is exactly the type of unduly general and "merely speculative" environmental allegation that fails to adequately plead injury-in-fact and deprives the United States and the Court of sufficient information to assess whether Article III standing has been adequately pled or exists here.[5] Accordingly, the Court should dismiss the Complaint.

### III.        Plaintiff's Assertion of Illegality is Both Mistaken and Irrelevant to Standing.

Plaintiff argues that the Air Force's use of countermeasures without a CWA permit is "unambiguously illegal," and Plaintiff thus faults the United States for challenging its standing rather than acquiescing to its lawsuit. Pl. Resp. at 9. But as discussed above, requiring that a plaintiff adequately plead Article III standing is not a mere technical distraction—it is a fundamental prerequisite to federal jurisdiction. As it stands now, Plaintiff has not pled Article III injury from any alleged illegal discharge for any one member at a particular location where that member has an interest, let alone at all locations throughout the nearly one-million-acre expanse

---

[5] Courts have also held that identifying individual members is part of the "fair notice" required by Federal Rule of Civil Procedure 8(a)(2), which "entitles defendants to some idea about who is seeking to haul them into court." *Coalition for ICANN Transparency Inc. v. VeriSign, Inc.*, 452 F. Supp. 2d 924, 934-35 (N.D. Cal. 2006) ("CFIT's complaint contains a single cryptic sentence about its members' identifies. This is insufficient.")

Defendants' Reply in Support of Their                    17          United States Department of Justice
Motion to Dismiss for Lack of Jurisdiction                          P.O. Box 7611, Washington DC 20044
No. 2:23-cv-01898

the Complaint covers.

In any event, the Court should flatly reject Plaintiff's improper suggestion that the United States invokes standing merely to evade what Plaintiff (incorrectly) believes the CWA "unambiguously" requires. Pl. Resp. at 9 (citing six disparate statutory provisions without explanation). Though the merits of Plaintiff's claim are not before the Court for resolution at this point, Plaintiff oversimplifies the application of the CWA to the situation in this case. Contrary to Plaintiff's contention, *League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Forsgren*, 309 F.3d 1181 (9th Cir. 2002), which involved the direct aerial spraying of insecticides for surface application, does not control in the fundamentally different situation here. Moreover, as evidence that the ultimate question is far from unambiguous, it is not true that any pollutant released from a point source that ultimately reaches waters of the United States requires a CWA permit, *see, e.g., County of Maui, Hawaii v. Hawaii Wildlife Fund*, 140 S. Ct. 1462 (2020) (considering multiple factors before concluding that certain releases into groundwater require a CWA permit).

Plaintiff also argues that a mere "trifle" of injury is needed to litigate a legal principle. Pl. Resp. at 10 (citation and quotation omitted). But even if that generalization is accurate in a limited context, it in no way eliminates the requirement that a plaintiff adequately plead injury at a location where the plaintiff both has protected interests and those interests are injured by the alleged illegal actions. Regardless, the Complaint here does not seek to adjudicate only a legal question: it also seeks to establish, *en masse*, illegal discharges at numerous unidentified locations within an extraordinarily large expanse and to obtain a particularized remedy at those locations. *See* Complaint at p.13. As we established in our opening brief and above, Plaintiff's generalized pleading falls far short of Article III requirements for the illegal discharges Plaintiff

Defendants' Reply in Support of Their                18        United States Department of Justice
Motion to Dismiss for Lack of Jurisdiction                       P.O. Box 7611, Washington DC 20044
No. 2:23-cv-01898

alleges and the relief Plaintiff requests.

## CONCLUSION

For the reasons set out above, the Court should dismiss the Complaint for lack of subject matter jurisdiction, because Plaintiff (a) has not adequately pled injury-in-fact for at least one member at any one identified location for an alleged illegal discharge; (b) has not adequately pled injury-in-fact for at least one member for each of the other discharges it alleges violate the CWA within the large expanse covered by the Complaint; and (c) has not identified the particular members Plaintiff relies upon in its Complaint to establish standing.

Respectfully submitted,

TODD KIM
Assistant Attorney General

/s/   David Kaplan
DAVID KAPLAN
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-0997

Defendants' Reply in Support of Their                    19                    United States Department of Justice
Motion to Dismiss for Lack of Jurisdiction                                        P.O. Box 7611, Washington DC 20044
No. 2:23-cv-01898

CERTIFICATE OF SERVICE

I hereby certify that the foregoing filing was electronically filed with the Clerk of the Court on April 25, 2024, using the CM/ECF system, which will send notification of said filing to the attorneys in this case registered with the Court's CM/ECF system.

*/S/ David Kaplan*

Defendants' Reply in Support of Their          20          United States Department of Justice
Motion to Dismiss for Lack of Jurisdiction                      P.O. Box 7611, Washington DC 20044
No. 2:23-cv-01898