IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **OREGON NATURAL DESERT ASSOCIATION**,<br><br>        Plaintiff,<br><br>        v.<br><br>**TROY E. MEINK**, in his official capacity as United States Secretary of the Air Force; and the **UNITED STATES AIR FORCE**,<br><br>        Defendants. | Case No. 2:23-cv-01898-HL<br><br>**OPINION & ORDER ADOPTING F&R WITH CLARIFICATION** |

Emma Bruden and Brian A. Knutsen, Kampmeier & Knutsen PLLC, 1300 SE Stark Street, Suite 202, Portland, OR 97214; and Peter M. Lacy, Oregon Natural Desert Association, 2009 NE Alberta Street, Suite 207, Portland, OR 97211. Attorneys for Plaintiff.

Mario A. Luna, Trial Attorney, and Laura J. Brown, Senior Attorney, U.S. Department of Justice, Environment & Natural Resources Division, Environmental Defense Section, P.O. Box 7611, Washington, DC 20044. Attorneys for Defendants.

**IMMERGUT, District Judge.**

      This case involves the Air Force's training exercises in the Paradise North Military

Operations Area, which covers roughly one million acres in southeastern Oregon. During those

exercises, aircraft sometimes deploy canisters of chaff, small aluminum-coated glass fibers that

are ejected from the aircraft to confuse enemy radar systems, as well as flares, pyrotechnic devices used to misdirect heat-seeking missiles.

What the Air Force has designated as the Paradise North Military Operations Area is known to others as a section of the Owyhee Canyonlands, a "vast and largely wild landscape" of "deep rugged canyons and rolling sagebrush steppe" that "supports a diversity of fish and wildlife." First Amended Complaint, ECF 18 ¶ 1. Plaintiff Oregon National Desert Association, a nonprofit organization dedicated to preserving that area, has members who are concerned that materials in the chaff and flares are landing in rivers and streams and poisoning native fish. Plaintiff brings a citizen-suit under the Clean Water Act ("CWA") to require Defendants, the Air Force and its Secretary, to halt the training exercises until they secure appropriate permits.

Defendants move to dismiss, arguing Plaintiff failed to establish Article III standing and failed to state a claim for relief. ECF 22. Judge Hallman issued a Findings and Recommendation ("F&R") recommending that this Court deny Defendants' motion, finding that Plaintiff has established associational standing to sue on behalf of its members but failed to establish organizational standing under an informational injury theory. ECF 27 at 12–15. The F&R also determines that Plaintiff's Complaint adequately alleges a CWA claim. *Id.* at 17–18.

Both parties filed objections to the F&R. Defendants object to the F&R's discussion of associational standing, arguing that Plaintiffs have failed to adequately allege injury and, for similar reasons, have failed to state a claim under the CWA. ECF 33. Plaintiff objects to the F&R's discussion of organizational standing, arguing that it has adequately pled organizational standing based on an informational injury. ECF 32.

This Court has reviewed de novo the portion of the Findings and Recommendation ("F&R") to which the parties objected. For the following reasons, the Court ADOPTS Judge

PAGE 2 – OPINION & ORDER ADOPTING F&R WITH CLARIFICATION

Hallman's F&R, ECF 27, with clarifications on associational standing under the CWA and Plaintiff's alleged informational injury, as set forth below.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

This Court adopts the F&R and overrules both parties' objections. This Court adopts the F&R's resolution of Defendants' motion to dismiss for failure to state a claim without modification and offers the following clarification on both parties' standing arguments. First, this Court confirms that, in line with Ninth Circuit case law, Plaintiff has adequately established that its members have suffered a concrete and particularized injury in fact. Next, turning to Plaintiff's objections, this Court adopts the F&R's finding that Defendants' failure to obtain a permit does not inflict an informational injury. This Court clarifies that neither the disclosure requirements from a permit nor the disclosure requirements imposed through the permitting process are sufficient to establish standing here.

## A. Defendants' Standing Objections

Defendants raise two primary objections to Judge Hallman's finding that Plaintiff has established standing. First, Defendants contend that Plaintiff has failed to allege an injury in fact because none of Plaintiff's members have provided more than "general assertions of concern" insufficient to establish a concrete injury. Defendants' Objections ("Defs.' Objs."), ECF 33 at 15–16. Next, Defendants contend that the F&R erred in relying on a case from the District of Montana that Defendants argue misapplied Ninth Circuit precedent. *Id.* at 17–19. Defendants also suggest that the F&R erred in finding Plaintiff's injury was caused by Defendants' activities. *Id.* at 16. This Court finds that Plaintiff has pled an injury to its members for purposes of standing and that, based on Ninth Circuit precedent, this injury is sufficient to allow Plaintiff to challenge the alleged unlawful discharge throughout the Paradise North area.

### 1. Adequacy of Allegations

This Court finds that Plaintiff has adequately pled that its members are injured by Defendants' alleged unpermitted discharge to waterbodies in the Paradise North area and adopts the F&R's finding on this point. F&R, ECF 27 at 14–15. Below, this Court elaborates on the concrete and particularized injury pled by Plaintiff and why Plaintiff's allegations are sufficient under established Ninth Circuit precedent.

To establish standing, an injury must be "concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). At the pleading stage, a plaintiff must only allege facts sufficient to demonstrate an injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Environmental plaintiffs may establish an injury if they "aver that they use the affected area and are persons 'for whom the aesthetic and recreational values of the area will be lessened' by the challenged activity." *Friends of the Earth,*

*Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 183 (2000) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 735 (1972)).

Plaintiff alleges that the Air Force is discharging pollutants including aluminum and copper over the Paradise North area, FAC, ECF 18 ¶ 42, that these pollutants may pollute the waterways in which they land and harm fish and wildlife, *id.* ¶ 49, and that its members who drink from, fish in, paddle on, and otherwise use those waterways are concerned that Defendants' activities are degrading the environment, *id.* ¶¶ 15–19. The risk to water quality in those waterways, which ultimately threatens the members' use and enjoyment of those waterways, satisfies the injury-in-fact requirement. This Court agrees with and adopts the F&R's finding that this is sufficient to allege an injury. ECF 27 at 14.

Defendants contend that these allegations do not establish a concrete injury, arguing that Plaintiff's members must also allege that Defendants' conduct has curtailed their recreational use of the area. *See* Defs.' Objs., ECF 33 at 16. This demands too much. The Ninth Circuit has recognized that both "[i]ntangible harms and a 'risk of real harm' can be sufficiently concrete" to establish standing. *Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 779 (9th Cir. 2018) (quoting *Spokeo*, 136 S. Ct. at 1549). In the CWA context, this means that a plaintiff's "reasonable concern" of injury may be sufficient to establish standing, even if premised on an "increased risk of harm" or "credible threat of harm" rather than existing harm. *Inland Empire Waterkeeper v. Corona Clay Co.*, 17 F.4th 825, 832 (9th Cir. 2021) (collecting cases); *see Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1149 (9th Cir. 2000) (noting a plaintiff may establish standing by alleging his or her "future life *will be* less enjoyable" if the area "remains *or becomes* environmentally degraded" (emphasis added)).

PAGE 5 – OPINION & ORDER ADOPTING F&R WITH CLARIFICATION

The purpose of the Clean Water Act, after all, is to "prevent the irreparable environmental degradation of the nation's waters before it occurs." *Pac. Lumber Co.*, 230 F.3d at 1152. Allowing a plaintiff to bring a claim by identifying members who "use the affected area and are persons for whom the aesthetic and recreational values of the area *will be* lessened by the challenged activity," *id.* at 1150 (emphasis added) (citation omitted), without any additional showing of existing harm, best advances the purpose of the CWA. At this stage, Plaintiff's members' statements that their aesthetic and recreational enjoyment of specific waterways have been diminished "due to their concerns about discharge from a particular source" is sufficient to establish an injury. *Nat. Res. Def. Council v. EPA*, 542 F.3d 1235, 1245 (9th Cir. 2008).

Defendants also contend that Plaintiff's claims "amount to a general grievance." Defs.' Objs., ECF 33 at 16. A plaintiff "raising only a generally available grievance" does not establish a case or controversy under Article III. *Lujan*, 504 U.S. at 573–74. A general grievance may be identified by its "abstract and indefinite nature—for example, harm to the common concern for obedience to law." *Novak v. United States*, 795 F.3d 1012, 1018 (9th Cir. 2015). Plaintiff's members attest to harm to their own recreational use and enjoyment of the Paradise North area, not just general environmental concerns. This is sufficient to establish a specific grievance.

**2. Representative Waterbodies**

Defendants object to the F&R's reliance on *Forest Service Employees for Environmental Ethics v. U.S. Forest Service*, an opinion from the District of Montana that held that a nonprofit may establish standing by pleading that its members were "adversely affected in a smaller subset of areas that are representative of the whole." 674 F. Supp. 3d 959, 963 (D. Mont. 2023). Defendants argue that this reasoning improperly extends the holdings of *Defenders of Wildlife v. U.S. EPA*, 420 F.3d 946 (9th Cir. 2005), and *Alaska Center for the Environment v. Browner*, 20 F.3d 981 (9th Cir. 1994), two Ninth Circuit cases that allowed plaintiffs to establish standing to

PAGE 6 – OPINION & ORDER ADOPTING F&R WITH CLARIFICATION

challenge statewide regulatory actions by identifying harm to a representative subset of state waters. This Court concludes that Plaintiff has established standing in this case under the rule in *Alaska Center*.

In *Alaska Center*, the Ninth Circuit held that a plaintiff had standing to challenge the EPA's statewide failure to regulate water quality by alleging a specific injury relating to a "representative number of waters throughout the state of Alaska," even though they did not establish injury with respect to "every water body that would be affected by the state-wide . . . program." 20 F.3d at 985. While factually distinct, the same logic applies to establish standing here: Plaintiff has identified five members, each of whom alleges that Defendants' unpermitted discharge has interfered with his or her use of various named and unnamed waterbodies in the Paradise North area. FAC, ECF 18 ¶¶ 15–19. Plaintiff also alleges that Defendants treat the Paradise North area as a single unit and conduct training operations over the area without differentiating between the different water bodies within that area over which they are flying. *See id.* ¶ 12. By alleging that Plaintiff's members have been harmed in their use of a representative sample of fifteen waterbodies, *id.* ¶ 15, Plaintiff has adequately alleged standing to pursue its challenge to Defendants' operations in the Paradise North area at this stage of the litigation. Just as in *Alaska Center*, Plaintiff challenges a single overarching program that Plaintiff alleges affects all waterbodies within a defined geographic area.

### 3. Causation

Finally, Defendants briefly suggest that Plaintiff has failed to establish causation for any injury traceable to Defendants' activities. Defs.' Objs., ECF 33 at 9. This Court disagrees. To establish standing, a plaintiff need not prove "to a scientific certainty" that defendant's discharge actually polluted an area. *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 995 (9th Cir. 2000). This Court finds that Plaintiff has credibly established causation because the nexus

PAGE 7 – OPINION & ORDER ADOPTING F&R WITH CLARIFICATION

between Defendants' chaff and flare use and the alleged pollution to waterbodies in the Paradise North area is not so attenuated as to be implausible. *Maya v. Centex Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011). Whether Defendants' activities actually pollute the waterbodies is a factual question on the merits, not a standing question.

**B. Plaintiff's Standing Objections**

Plaintiff objects to the F&R's conclusion that it lacks standing to pursue its claims on its own behalf. Plaintiff's Objections ("Pl.'s Objs."), ECF 32. While the F&R found that Plaintiff adequately alleged associational standing, as discussed above, the F&R also found that Plaintiff lacked organizational standing based on an informational injury. F&R, ECF 27 at 15. Plaintiff's theory of injury is that Defendants' failure to secure a permit under the National Pollutant Discharge Elimination System ("NPDES") deprives it of information that Defendants would otherwise be required to disclose. *Id.* The F&R rejected this theory of injury because Defendants never sought or received an NPDES permit. *Id.* at 16.

This Court adopts the F&R's conclusion that Plaintiff "cannot assert an informational injury based on an NPDES permit that does not exist." F&R, ECF 27 at 16. This Court addresses below Plaintiff's alternative argument that the disclosure requirements associated with the NPDES permit application process provide a basis for an informational injury. This Court concludes that those requirements do not establish an informational injury when, as here, Defendants have not yet submitted an application.

The CWA requires the disclosure of specific information during the NPDES permit application process. *See* 33 U.S.C. § 1342(j) (requiring that a copy of permit applications be made publicly available); 40 C.F.R. § 122.21(f) (requiring that specific information be included in a permit application). A violation of these requirements in applying for an NPDES permit, just like a failure to meet a permit's disclosure requirements once issued, may establish an

PAGE 8 – OPINION & ORDER ADOPTING F&R WITH CLARIFICATION

informational injury sufficient to establish standing. *See Inland Empire Waterkeeper*, 17 F.4th at 833.

These requirements do not, however, suffice to establish standing when Defendants never applied for a permit. Alleging an informational injury for purposes of standing requires a plaintiff to "identify a statute that, on plaintiff's reading, *directly* requires the defendant to disclose information that the plaintiff has a right to obtain." *WildEarth Guardians v. Salazar*, 859 F. Supp. 2d 83, 92 (D.D.C. 2012) (citing *Akins*, 524 U.S. at 21) (emphasis added). The CWA does not directly impose such a requirement before a permit is issued, as is the case here.

By their terms, the disclosure requirements in an NPDES permit do not apply before the permit is issued, and the disclosure requirements of 33 U.S.C. § 1342 and 40 C.F.R. § 122.21 do not obligate Defendants to disclose any information until the application process begins. These disclosure requirements are "triggered only in the context of an ongoing permit proceeding and intended, not to provide a broad right to information about the activities of any person engaged in a [discharge], but to allow interested parties to comment on and assist the [Administrator's] evaluation of permit applications." *Am. Soc'y for Prevention of Cruelty to Animals v. Feld Enter., Inc.*, 659 F.3d 13, 24 (D.C. Cir. 2011) (analyzing the Endangered Species Act's disclosure requirements). While there is a much broader public interest in the disclosures required by an NPDES permit, *see Inland Empire Waterkeeper*, 17 F.4th at 833–34 (noting those requirements "serve the public's substantive interest in clean water and the environment"), those requirements are even further removed from any present injury. And Plaintiff sues not to enforce those disclosure requirements, but for an order requiring the Air Force to stop discharging pollutants "until such discharges are authorized by NPDES permits." FAC, ECF 18 at 23. There

PAGE 9 – OPINION & ORDER ADOPTING F&R WITH CLARIFICATION

is no statute, regulation, or permit presently in effect that requires Defendants to disclose the information that Plaintiff seeks.

As discussed above, Plaintiff has adequately alleged associational standing to pursue their CWA claim on the merits. Plaintiff has not, however, established standing based on a failure to make disclosures that statute does not yet require.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Hallman's F&R to which both parties objected. Judge Hallman's F&R, ECF 27, is ADOPTED with clarification as set forth above. This Court DENIES Defendants' Motion to Dismiss, ECF 22.

**IT IS SO ORDERED**.

DATED this 26th day of August, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge